AO 91 (Rev. 11/11) Criminal Complaint                                                                                     AUSA Julia K. Schwartz (312) 353-5326

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| UNITED STATES OF AMERICA | CASE NUMBER: 25CR190 |
|---|---|
| v. | |
| ERIC T. LATHAM | |

**FILED**
4/9/2025
THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief. On or about April 1, 2025, at Chicago, in the Northern District of Illinois, Eastern Division, the defendant(s) violated:

| *Code Section* | *Offense Description* |
|---|---|
| Title 18, United States Code, Section 922(g)(1) | knowing that he had previously been convicted of a crime punishable by a term of imprisonment exceeding one year, did knowingly possess, in and affecting interstate and foreign commerce, a firearm, namely, a 9 millimeter semiautomatic pistol bearing serial number 58C260992, which firearm traveled in interstate and foreign commerce prior to the defendant's possession of the firearm |

This criminal complaint is based upon these facts:

   X   Continued on the attached sheet.

*Julia Kulakowski*
Julia Kulakowski
Special Agent, Bureau of Alcohol, Tobacco, Firearms and Explosives (ATF)

Pursuant to Fed. R. Crim. P. 4.1, this Complaint is presented by reliable electronic means. The above-named agent provided a sworn statement attesting to the truth of the Complaint and Affidavit by telephone.

Date: April 9, 2025                                                                    *M. David Weisman*
                                                                                                                    *Judge's signature*

City and state: Chicago, Illinois                                                 M. DAVID WEISMAN, U.S. Magistrate Judge
                                                                                                         *Printed name and title*

| | |
|---|---|
| UNITED STATES DISTRICT COURT | ss |
| NORTHERN DISTRICT OF ILLINOIS | |

## AFFIDAVIT

I, JULIA KULAKOWSKI, being duly sworn, state as follows:

1. I am a Special Agent with the Bureau of Alcohol, Tobacco, Firearms, and Explosives ("ATF"). I have been so employed since approximately September 2020.

2. As part of my duties as an ATF Special Agent, I investigate criminal violations of law as they relate to federal firearms offenses, including the unlawful possession of firearms or ammunition by convicted felons, firearms trafficking, violent crime, and narcotics trafficking. I employ investigative tools such as the use of informants and witnesses, surveillance, controlled purchases of firearms and narcotics, firearms traces, and the execution of both search warrants and arrests warrants.

3. This affidavit is submitted in support of a criminal complaint alleging that Eric T. LATHAM has violated Title 18, United States Code, Section 922(g)(1). Because this affidavit is being submitted for the limited purpose of establishing probable cause in support of a criminal complaint charging LATHAM with unlawfully possessing a firearm as a convicted felon, I have not included each and every fact known to me concerning this investigation. I have set forth only the facts that I believe are necessary to establish probable cause to believe that the defendant committed the offense alleged in the complaint.

4. This affidavit is based on my personal knowledge, my training and experience, my review of body-worn camera, and information provided to me by various law enforcement personnel and witnesses.

## I. FACTS SUPPORTING PROBABLE CAUSE

5. Eric Latham is currently serving a term of supervised release in the U.S. District Court for the Northern District of Illinois, after having been convicted on two separate occasions of unlawfully possessing a firearm as a felon in the U.S. District Court for the Western District of Michigan. *See United States v. Latham*, No. 22 CR 186 (N.D. Ill.) (Kennelly, J.). Specifically, on or about February 8, 2008, LATHAM was convicted of unlawfully possessing a firearm as a convicted felon and was sentenced to 105 months' incarceration, and on or about May 22, 2017, LATHAM was convicted of unlawfully possessing a firearm as a convicted felon and was sentenced to 60 months' incarceration. His supervision was transferred to the Northern District of Illinois.

6. On or about March 24, 2025, Judge Kennelly issued an arrest warrant for LATHAM, as a result of multiple alleged violations of the terms of his supervised release.

7. On March 27, 2025, the government obtained a warrant to search a premises located on the 130 block of West 106th Place in Chicago, Illinois (the "Subject Premises")—which is owned by Individual A, LATHAM's girlfriend—for evidence concerning a violation of LATHAM's conditions of supervised release and violations of Title 18, United States Code, Section 922(g)(1).

2

8. On April 1, 2025 – the day after electronic monitoring records confirm that LATHAM spent the night at the Subject Premises – law enforcement executed the search warrant and located two firearms, multiple rounds of ammunition, and firearms accessories inside the Subject Premises. Specifically, law enforcement recovered two loaded firearms (one of which was stolen) on top of the bed in the master, next to a folder containing multiple documents with LATHAM's name on them. In addition, law enforcement recovered ammunition in a plastic storage bin next to a prescription bottle with LATHAM's name on it. And law enforcement recovered a scope next to a piece of mail addressed to LATHAM. In addition, law enforcement recovered miscellaneous ammunition inside the Subject Premises.

9. Individual A was interviewed during the search and stated that she owned one gun, but was not aware of the second gun that law enforcement had recovered during the search.

### A. Application for Search Warrant for The Subject Premises and LATHAM's Connection to Individual A

10. On or about March 27, 2025, the government submitted an affidavit in support of an application for a warrant to search a premises located on the 130 block of West 106th Place in Chicago, Illinois (the "Subject Premises") for evidence concerning a violation of LATHAM's conditions of supervised release and violations of Title 18, United States Code, Section 922(g)(1). Magistrate Judge Young Kim signed the requested search warrant that day.

11. According to the Cook County Assessor's public database, the 2025 taxpayer for the Subject Premises is Individual A,[1] who purchased the property in or around July 2023.

12. On or about April 1, 2025, law enforcement officials with the U.S. Marshals Service ("USMS") interviewed Individual A. According to Individual A, Individual A is in a romantic relationship with LATHAM. Law enforcement officials viewed photographs of LATHAM and Individual A together,[2] which were publicly posted to Facebook between approximately July 2024 and late November 2024, which the USMS last viewed on or about March 25, 2025.

### B. LATHAM's Possession of Firearms and Ammunition

13. Based on my review of body-worn camera footage and information provided by the USMS, representatives of the USMS executed the search warrant at the Subject Premises on or about April 1, 2025. Upon entering the residence at approximately 2:00 p.m. that day, USMS encountered an approximately 15- or 16-year-old girl (Individual B), who identified herself as Individual A's daughter. No one else was present at the residence when the search began.

---

[1] Based on an NCIC search, Individual A has no felony convictions. According to an Illinois Secretary of State database, Individual A had a valid Illinois Firearm Owners Identification Card ("FOID") that was issued on September 27, 2023 and expires on December 31, 2028.

[2] Law enforcement officials identified LATHAM and Individual A based on: (1) a comparison of the photographs on Facebook to Illinois driver's license photographs for LATHAM and Individual A obtained from the Illinois Secretary of State; and (2) in person identification of LATHAM at a scheduled court hearing in *United States v. Latham*, No. 22 CR 186 (N.D. Ill.), where LATHAM was identified as the named defendant.

14. Based on my review of body-worn camera footage and information provided by the USMS, the Subject Premises was a two-story single-family house with approximately three bedrooms. Apart from LATHAM, Individual A, and Individual B, no other individuals appeared to reside at the Subject Premises.

15. Based on information provided by the USMS, law enforcement recovered the following items inside the Subject Premises, as discussed in further detail below: two loaded firearms; approximately 143 9-millimeter cartridge casings, approximately 73 40 caliber Smith & Wesson cartridge casings; 11 expended 40 caliber shell casings; a firearm laser; a firearm light and laser combination; a firearm scope; a firearm holster; and a pistol magazine holster.

16. Based on my review of body-worn camera footage and information provided by the USMS, agents recovered and observed the following items inside the Subject Premises:

    a. Two loaded firearms and a loaded magazine on top of the bed in the master bedroom, as depicted below.

        i. The tan firearm depicted below was a loaded Sig Sauer P320 9 millimeter semiautomatic pistol bearing serial number 58C260992 (the "Sig Sauer"). The Sig Sauer was loaded with an extended 21-capacity magazine. A preliminary NCIC database check indicated that the Sig Sauer was reported stolen with the Grand Rapids, Michigan Police Department on or about September 1, 2022.

        ii. The black firearm depicted below was a loaded Taurus TH 40 40 caliber pistol bearing serial number ADB980514 (the "Taurus").

5



iii. The below photograph depicts the location of the two firearms (circled in red) when they were first discovered by USMS, next to a file folder containing documents bearing LATHAM's name (also circled in red):



The file folder contained numerous documents in LATHAM's name, including an Illinois Secretary of State registration form addressed to LATHAM.

      b.      Male clothes and baseball caps inside the bedroom depicted above, including next to the Sig Sauer and the Taurus. In addition, USMS located an empty firearm holster underneath the bed depicted above.

      c.      A laser scope on a ledge immediately outside the primary bedroom, which was next to an Illinois Vehicle Registration Renewal notice in LATHAM's name, as depicted below:



      d.      A box of ammunition just outside the master bedroom, inside a clear plastic bin that contained a prescription bottle with LATHAM's name on it.

  e. Multiple loose shell casings.

  f. Several letters, mail, bills, and other documents that reflect LATHAM's name and the address of the Subject Premises.

### C. Other Evidence that LATHAM Resided in the Subject Premises and Possesses Firearms

17. As discussed above, a USMS deputy interviewed Individual A on or about April 1, 2025 during the execution of the search warrant. In the audio and video-recorded interview, Individual A stated, among other things, that: (a) LATHAM was her "boyfriend"; (b) LATHAM sometimes sleeps at the Subject Premises[3]; (c) Individual A owns a firearm, which she described as the "black one"; (d) Individual A had never seen the tan Sig Sauer that was seized in the Subject Premises.

18. Based on the information provided by Individual A and the appearance of the firearms, I believe that by "the black one," Individual A was referring to the Taurus. (Based on contact made by ATF with the Federal Firearms Licensee, who provided a copy of the Firearms Transaction Record (Form 4473), the Taurus was purchased by Individual A on or about February 21, 2024.)

19. Based on Probation information and information provided by the Kendall County Sheriff's Office, on or about February 5, 2025, Latham was charged with aggravated fleeing and eluding a police officer in Kendall County, Illinois, and a warrant was issued for LATHAM's arrest. Based on police reports, LATHAM was

---

[3] Individual A told USMS that LATHAM had not stayed at the Subject Premises on the night of March 31 going into April 1, 2025, but that is inconsistent with Kendall County records, as discussed below.

arrested on the warrant in Kendall County on or about March 12, 2025. According to information provided by Kendall County, LATHAM had his initial appearance in Kendall County on or about March 13, 2025, and was released on electronic monitoring pending trial, with a status set for May 1, 2025.

20. The Kendall County Sheriff's Office provided a report reflecting LATHAM's location between March 18, 2025, and the morning of April 1, 2025, which report reflects that LATHAM spent approximately eleven out of fourteen nights at the Subject Premises, including the nights of March 19, 20, 21, 23, 24, 25, 26, 27 (starting in the early morning hours of March 28), 28, 30, and 31, 2025.

21. Kendall County records indicate that LATHAM arrived at the Subject Premises at approximately 2:39 p.m. on March 31, 2025, and left the Subject Premises on April 1, 2025 at approximately 7:54 a.m.

22. Based on information provided by the USMS, USMS arrested LATHAM on April 1, 2025, at 219 South Dearborn shortly before a court appearance scheduled for 9:30 a.m.

23. Based on this timing, I believe that LATHAM left the Subject Premises—where the two guns were left on the bed—and drove to the courthouse.

**D.     LATHAM's Criminal History and History of Firearms Possession**

24. According to law enforcement criminal databases and court records, LATHAM has prior felony convictions including: (a) on or about January 19, 2003, LATHAM was convicted of carrying a concealed weapon in the 30th Circuit Court in Michigan and was sentenced to 1 year incarceration; (b) on or about July 16, 2004,

9

LATHAM was convicted of domestic aggravated assault and battery as a second habitual offender in the 30th Circuit Court in Michigan and was sentenced to 194 days' incarceration and 18 month' probation; (c) on or about February 8, 2008, LATHAM was convicted of unlawfully possessing a firearm as a convicted felon in the U.S. District Court for the Western District of Michigan and was sentenced to 105 months' incarceration; and (d) on or about May 22, 2017, LATHAM was convicted of unlawfully possessing a firearm as a convicted felon in the U.S. District Court for the Western District of Michigan and was sentenced to 60 months' incarceration.

### E. Interstate Nexus

25. On or about April 8, 2025, I spoke to an ATF Special Agent trained in interstate nexus analysis, who provided the following information:

    a. The agent is trained in the analysis of interstate nexus for firearms and ammunition.

    b. Based on his training and experience and the research he conducted, the agent stated that the Sig Sauer discussed above was manufactured outside the State of Illinois.

    c. Therefore, the Sig Sauer traveled in interstate or foreign commerce prior to LATHAM's possession of it.

## II. CONCLUSION

26. For all the reasons described above, I respectfully submit that there is probable cause to believe that LATHAM, knowing that he had been convicted of a crime punishable by a term of imprisonment exceeding one year, did knowingly

possess, in and affecting interstate and foreign commerce, a firearm, namely, a Sig Sauer P320 9 millimeter semiautomatic pistol bearing serial number 58C260992, which firearm traveled in interstate and foreign commerce prior to LATHAM's possession of the firearm, in violation of Title 18, United States Code, Section 922(g)(1).

FURTHER AFFIANT SAYETH NOT.

_____
Julia Kulakowski
Special Agent, Bureau of Alcohol, Tobacco, Firearms and Explosives (ATF)

SWORN TO AND AFFIRMED by telephone April 9, 2025.

_____
Honorable M. DAVID WEISMAN
United States Magistrate Judge

11